IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
APR 21 2011
CLERK, U.S. DISTRICT
ALEXANDRIA, VIRGINIA

DOMINICA WYATT, )
)
Plaintiff, )
)
v. ) Case No. 1:11cv432 LO/TRJ
)
TARGET STORES, INC., )
)
Defendant. )

## ANSWER

COMES NOW Defendant Target Corporation ("Target")[1], by counsel, and states as follows for its Answer to Plaintiff's Complaint:

  1. Target admits that it conducts business in the Commonwealth of Virginia and is the owner and operator of a retail store located at 13301 Gateway Center Drive, Gainesville, Virginia 20155. Target denies any remaining allegations in Paragraph 1 of the Complaint.

  2. To the extent Paragraph 2 of Plaintiff's Complaint states legal conclusions, no response is required by Target. To the extent a response is required, Target denies the allegations as stated in Paragraph 2 of the Complaint.

  3. Target denies the allegations in Paragraph 3 of the Complaint.

  4. Target lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and thus denies the same.

---

[1] Plaintiff improperly names Target Stores, Inc. as the defendant in this action. Target Stores is an unincorporated division of Target Corporation. Target Corporation, which does business as Target Stores, is the only proper defendant in this action. Accordingly, Target Corporation hereby responds to all allegations directed at Target Stores, Inc. in Plaintiff's Complaint and asserts affirmative defenses on its behalf.

5. In response to the allegations in Paragraph 5 of the Complaint, Target (a) admits that it did not place wet floor signs in the precise area of the restroom where Plaintiff claims to have fallen and further denies that it had any duty to do so; (b) denies that it failed to take measures to prevent water from collecting on the restroom floor; and (c) denies that it failed to exercise reasonable care for the safety of Plaintiff. Target further denies the allegations contained in Paragraph 5 to the extent they imply that Target knew or should have known about any water on the floor.

6. Target denies the allegations in Paragraph 6 of the Complaint.

7. Target denies any allegations contained in or that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 6 of Plaintiff's Complaint.

8. All allegations contained in Plaintiff's Complaint that are not expressly admitted herein are hereby denied.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Target affirmatively asserts that neither Target nor any other entities or individuals over which Target had control was negligent in any way whatsoever.

2. Plaintiff's cause of action is barred against Target because the alleged damages were not proximately caused by any act or omission of Target.

3. The allegedly dangerous condition described in Plaintiff's Complaint, if it existed, was open and obvious to Plaintiff.

4. Target avers that any injury sustained by Plaintiff resulted from her own negligence.

5. Plaintiff's cause of action is barred against Target because the alleged injuries and/or damages were the result of pre-existing conditions of Plaintiff which were unrelated to any conduct of Target.

6. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

7. Target hereby reserves the right to amend its Answer to include any other defenses, including but not limited to statute of limitations, failure to mitigate, and third-party negligence, that become apparent through discovery or evidence revealed at trial, all of which are pleaded in bar to Plaintiff's claim.

WHEREFORE, Target Corporation, by counsel, respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Target be awarded its costs, fees, interest, and reasonable attorneys' fees incurred herein, as well as such other relief as the Court deems proper and appropriate.

**TARGET CORPORATION**

By: _____
Edward H. Starr, Jr., Esq. (VSB No. 18609)
Brenna K. Newman, Esq. (VSB No. 71319)
Attorneys for Target Corporation
TROUTMAN SANDERS LLP
1001 Haxall Point
Post Office Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
ed.starr@troutmansanders.com
brenna.newman@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2011, a true copy of the foregoing was sent via facsimile and U.S. Mail, postage prepaid, addressed as follows:

Michael V. Durkin (VSB No. 21399)
Attorney for Plaintiff
2825 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 370-1211
Facsimile: (703) 370-1243

*/s/ Brenna K. Newman*
Brenna K. Newman, Esq. (VSB No. 71319)
Attorney for Target Corporation
TROUTMAN SANDERS LLP
1001 Haxall Point
Post Office Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1304
Facsimile: (804) 698-5139
brenna.newman@troutmansanders.com

2044361v1